IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Tilmer Everett, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Roger Marks, III, et. al., | ) | Case No. 1:17-cv-136 |
| | ) | |
| Defendants. | ) | |

The plaintiff, Tilmer Everett, is an inmate at the North Dakota State Penitentiary. He initiated the above-entitled action *pro se* on July 2017 with the submission of a 48-page complaint on July 17, 2017. (Doc. No. 2). On October 2, 2017, the court received Everett's consent to the undersigned's exercise of jurisdiction over matter. (Doc. No. 18). His complaint is now before the undersigned for initial review as mandated by 28 U.S.C. § 1915A. For the reasons set forth below, the above-entitled action is ordered dismissed.

I.  **BACKGROUND**

The gist of Everett's complaint is that three Bismarck police officer and a former assistant state's attorney violated his civil rights during the course of a criminal investigation and subsequent prosecution that culminated in his conviction for gross sexual imposition in 2006 and that current assistant state's attorneys are perpetuating these violations insofar as they have opposed his requests for post-conviction relief. Specifically, Everett asserts that three police officers: falsified their investigative reports; withheld and/or tampered with evidence; tampered, intimidated, and/or misled witnesses; and perjured themselves at trial. He further asserts that the State's Attorney's office: unlawfully "bounced" the state district court judge initially assigned to his criminal case; violated

1

the state district court's discovery orders; suborned perjury; withheld evidence; obstructed justice; conspired with local law enforcement to frame him; and most recently "filed a[n] injunctive motion again [him] with the district court." (Doc. No. 2).

In his prayer for relief, Everett demands: the arrest and prosecution of the individual who he believes committed the offense of which he was wrongfully convicted; the appointment of special counsel to investigate the Bismarck Police Department along with the State's Attorney and his assistants; an evidentiary hearing; compensatory and punitive damages; and fees.

## II. GOVERNING LAW

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burden imposed by prisoner suits that are too often frivolous and without merit. Jones v. Bock, 549 U.S. 199, 203-04 (2007); Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee requires courts to conduct an early screening to weed out claims that clearly lack merit. 28 U.S.C. § 1915A. In conducting the screening, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it that is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.

## III. DISCUSSION

### A. Prosecutorial Immunity

As a preliminary matter, it should be noted that there exists an unsurmountable impediment to Everettt's claims against the State's Attorney and his assistants: prosecutorial immunity.

The nature of a prosecutor's immunity depends on the capacity in which the prosecutor acts at the time of the alleged misconduct. Actions taken as an advocate enjoy absolute immunity, see

2

Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (concluded that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution" had absolute immunity from under § 1983), while actions taken as an investigator enjoy only qualified immunity, see Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (prosecutors "perform[ing] the investigative functions normally performed by a detective or police officer" have qualified immunity).

Here, Everett's claims against the State's Attorney and his assistants clearly pertain to their pursuit of his prosecution and their responses to his efforts to obtain post-conviction relief in State court. Consequently, they appear to be foreclosed by absolute prosecutorial immunity. See Kalina v. Fletcher 522 U.S. 118, 127 (1997) ("[I]n determining immunity, we examine the nature of the function performed, not the identity of the actor who performed it." (internal quotes omitted)); Buckley, 509 U.S. at 273 ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); see also Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) ("A prosecutor is . . . entitled to absolute immunity despite allegations of his knowing use of perjured testimony and the deliberate withholding of exculpatory information. Although such conduct would be reprehensible, it does not make the prosecutor amenable to a civil suit for damages." (internal quotes omitted)).

**B.    Police Immunity from Liability Arising From Trial Testimony**

With respect to the police officers named by Everett in his Complaint, they are absolutely immune from any civil liability arising out of their trial testimony.

It is well settled that witnesses are granted absolute immunity from any civil liability arising out of their testimony at trial. Briscoe v. LaHue 460 U.S. 325, 331-32 (1983) (affirming that

3

common-law immunities granted to witnesses in judicial proceedings required giving absolute immunity from § 1983 suit to police officer accused of giving false testimony at trial). It explained that such immunity is granted to encourage witnesses to testify fully without fear of recrimination for their in the proceedings. Id. at 332-33.[1]

When police officers testify as witnesses, they have the same protections. Id. at 340. The import of this is that Everett cannot sustain a claim against the police officers for their alleged perjury. Id.; see also Mill v. Glanz, 948 F.2d 1562, 1571 (10th Cir. 1991) (discussing the interests served by granting such immunity from liability).

**C.      Heck-Bar**

Finally, the court would be remiss if it did not point out that a § 1983 action cannot be used to challenge, directly or indirectly, the length or validity of a prisoner's confinement. See Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994); Wolff v. McDonnell, 418 U.S. 539 (1974); Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); see also Wilkson v. Dotson, 544 U.S. 74, 78-82 (2005) (opining that the line of criminal cases from Balisok to Preiser "indicate[s]

---

[1]In Briscoe, the Court acknowledged that granting police officers immunity from civil liability might lead to occasional unjust convictions based on knowingly false testimony. Id. at 344-45. However, the court concluded that immunity would better serve "the broader public interest." Id. at 345. In so doing it reasoned that

> [p]olice officers testify in scores of cases every year, and defendants often will transform resentment at being convicted into allegations of perjury by the State's official witnesses.... [E]ven the processing of a complaint that is dismissed before trial consumes a considerable amount of time and resources.
>
> This category of § 1983 litigation might well impose significant burdens on the judicial system and on law enforcement resources. As this Court noted when it recognized absolute immunity for prosecutors in Imbler, if the defendant official 'could be made to answer in court each time [a disgruntled defendant] charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.

Id. at 343-44.

that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

In Heck v. Humphrey The United States Supreme Court held that before an inmate can recover damages under § 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486-87 (1994). It added:

> A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed proceed, in the absence of some other bar to the suit.

Id. at 48. In Edwards v. Balisok, it similarly held that a prisoner could not sustain a § 1983 claim for malicious prosecution claim absent a showing that the criminal proceedings had terminated in his favor. See 520 U.S. 641 (1997) (finding that a prisoner's § 1983 claim for malicious prosecution was without merit because his claim that the hearing officer was biased and deceitful in the disciplinary hearing, where he lost good-time credits, would have undermined the disciplinary conviction, and he had not shown that his disciplinary conviction had been previously invalidated).

5

Here, Everett's success on the merits would necessarily call the validity of his underlying conviction. His complaint is founded upon his repeated insistence that there was conspiracy between police and prosecutors, that his prosecution and the investigation underlying it were improper and unlawful, and that he is actually innocent. And judging by his submissions to date, it would appear that he is gearing up to re-litigate his criminal case. Consequently, this matter is Heck-barred.

## IV. CONCLUSION

Everett's claims against the State's Attorney and his assistants are **DISMISSED** with prejudice. Everett's claims for damages arising out of the defendant police officer's alleged perjury are also **DISMISSED** with prejudice. The remainder of Everett's claims are **DISMISSED** without prejudice.

Dated this 26th day of October, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court