# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Tilmer Everett, | ) | |
| :--- | :--- | :--- |
| Plaintiff, | ) ) ) | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| vs. | ) ) | |
| Roger Marks, III, et. al., | ) ) | Case No. 1:17-cv-136 |
| Defendants. | | |

Before the court is plaintiff's motion for reconsideration of the court's order dismissing the above-entitled action in its entirety. For the reasons set forth below, the motion is denied.

## I.  BACKGROUND

The plaintiff, Tilmer Everett ("Everett"), is an inmate at the North Dakota State Penitentiary. He initiated the above entitled action *pro se* in July 2017 with the submission of a 48-page Complaint. Therein he asserted that two Bismarck Police officers, the Bismarck Police Chief, and a former Assistant State's Attorney (and current state district court judge) violated his civil rights during the course of two interrelated criminal investigations and a subsequent prosecution that culminated in his conviction in state district court of the offense gross sexual imposition and that current Assistant State's Attorneys were perpetuating these violations insofar as they had opposed his requests for post-conviction relief. Specifically, he asserted that the police officers: falsified their investigation reports; withheld and/or tampered with evidence; tampered, intimidated and/or misled witnesses; and perjured themselves at trial. He further asserted that the State's Attorney's office: unlawfully "bounced" the state district court judge initially assigned to his criminal case; violated the state district court's discovery orders; suborned perjury; obstructed justice; conspired with local law enforcement to frame him; and "filed a[n] injunctive motion against [him] with the district

1

court." (Doc. No. 2).

The court screened Everett's Complaint as mandated by 28 U.S.C. § 1915A. Concluding that the State's Attorney and his assistants (former and present) were immune from suit, that the police officers were cloaked in immunity with respect to their claimed perjury, and that the remainder of plaintiff's claims were Heck-barred, the court dismissed Everett's Complaint in its entirety.

Everett filed a motion for reconsideration on November 1, 2017, asserting that the court misconstrued his Complaint and mischaracterized his prayer for relief.[1] In so doing, he insisted that he was simply asserting a claim for false arrest in connection with a reported sexual assault for which he was never charged and that his references to and discussion of the events culminating in his conviction for gross sexual imposition were merely contextual. Specifically, he averred:

> Notice: I am not attacking my conviction under § 1983 action, but I am instead challenging Case No. 06-9417 the false arrest(s) as which violated my civil rights in the very beginning on or around May 30th 2006. I filed a civil rights § 1983 action on "Case No. 06-9417" with the court for the sum of $400.00 charging, fee to prove that I was falsely and illegally arrested by the Bismarck Police Department and the Burleigh County States Attorneys office, to include collusion of a cover-up towards Case No. 06-9417 and obstruction of justice from 2006-2017, referencing Trevor Goodiron's criminal act committed against K.W.T. the victim. I am only attacking my false arrest(s)!
>
> 2. Whereas in conducting the screening under 28 U.S.C. § 1915A, by the court to dismiss October 26, 2017. I as plaintiff do believe this court inadequately addressed and improperly failed to entertain just case No. 06-9417 false arrest(s). Being that a § 1983 civil rights action can be filed in federal court to challenge, directly or indirectly, a valid claim against 1. Bismarck Police and 2. Burleigh County

---

[1] The court stated in its screening order that Everett was, amongst other things, seeking the arrest and prosecution of the individual who he believes committed the offense of which he was wrongfully convicted. The court now corrects this statement as, upon further review and in light of the motion for reconsideration, it apparent that Everett is seeking, inter alia, the investigation, arrest, and/or prosecution of an individual he believes committed an offense about which he was interrogated but never charged--the sexual assault of K.W.T. This correction makes no difference in the court's final analysis, however.

prosecutors with a argument, plaintiff's arrest within Case No. 06-9417 was illegal in 2006. Thus legally disqualifying police or prosecutors any immunity from civil liability, which led to the plaintiff's unjust arrest as which has been covered-up from 2006-2017 by fraud.

3. District Court ND, Western Division in page 2 order October 26, 2017 I as plaintiff did not say in pray for relief, Everett demands . . . .
> • the arrest and prosecution of the individual who he believes committed the offense of which he was wrongfully convicted;
> • the appointment special counsel to investigate the Bismarck Police Department along with the State's Attorney and his assistants;

"Why" would this honorable court intentionally misconstrue the plaintiffs' 1983 request to Case No. 06-9417, as in Complaintant page 45?
A. Prayer for relief from 42 U.S.C. § 1983 violations.
   (1) Plaintiff demand judgment that Trevor Goodiron be arrested and dealt with accordingly for Case No. 06-9417 in pursuant to N.D.C.C. 11-16-06 Appointment for Special Counsel to Prosecute Sexual Asssault Complaint May 30th 2006," who Bismarck police and Burleigh County prosecutors conspired to cover-up." Plaintiff did motion the district court on April 4, 2017, to prosecute Cases No. 06-9417 with no response back . . . .

Arguments

District Court, ND no one has ever been charged or prosecuted for Case No. 06-9417. A sexual assault investigation in 2006 that I Tilmer Everett had illegally been arrested for by Bismarck Police, addressed in my civil rights § 1983 Complaint Case No. 1:17-cv-136 dated June 26, 2017. False arrest within Case No. 06-9417 having merit as in my Complaint, which violated my civil rights on it's face "alone" in front of the court. First; the courts screening under § 1915A, dismiss is improper. Second; the courts order page 2 about Case No. 06-9417, is improper and completely wrong.

4. For the record, I did not file a civil rights § 1983 lawsuit on Case No. 06-9442, against Bismarck Police officers or prosecutors or prosecutors just yet (Case No. 06-k-1026) with you the District Court ND, Western Division. I am not stupid and know that I can only file a § 1983 civil rights Complaint, after my conviction within Case No. 06-9442 is reversed on the grounds of being completely innocent by certificate of the court. I do realize those requirements are strictly applied in federal lawsuit. And so my conviction is not being complained, because I am still fighting that above case file in the state district court. "Petition May 22, 2017 and Amended pleading September 25, 2017 have been re-litigated, towards my illegal conviction Case No. 06-9442."

• All motions submitted to the District Court ND, "after" filing my § 1983 civil rights Complaint on Case No. 06-9417 (false arrest), was only to establish circumstances, how Bismarck police and the prosecution are covering-up my false arrest.

> Obstruction of Justice! A assault Complaint (06-9417), that needs to be resolved in truth...
>
> 5. District court ND, the mandate 28 U.S.C. § 1915A initiated against my false arrest § 1983 civil rights complaint case No. 06-9417 dated June 26, 2018 has been distorted, in the context of my conviction for case no. 06-9442 stated in your order October 26, 2017. This completely prejudices my Notice of Appeal and Appeal Process with the United States Court of Appeals for the Eighth Circuit. Making the <u>Heck</u>-Bar ruling extremely unethical against violations of my civil rights towards case no. 06-9417, a crime I was never convicted for manipulatively used in the order. Plaintiff must request the court to reconsider dismissal, since a § 1983 civil rights complaint has been declared against "just" case no. 06-9417 false arrest in 2006. That in pursuant to Federal Rules of Civil Procedure rule 5.1 constitutional challenge to a Statute used above (mandate), the Heck-Bar ruling be stricken, so that plaintiff's § 1983 action be used to attack his <u>false</u> <u>arrest</u> in 2006 . . . .

(Docket No. 23) (emphasis and errors in original).

## II.  **DISCUSSION**

Everett references two "case numbers" in his Complaint and Motion for Reconsideration: Nos. 06-9417 and 06-9442. Notably, these numbers were not assigned by the state district court to any cases pending before it. Rather, they were assigned by the Bismarck Police Department to two separate investigations. The first investigation, No. 06-9417, concerned the sexual assault of K.W.T. (Doc. No. 6-6). The second investigation, No. 06-9442, concerned the sexual assault of F.R.L. that, according to police reports, came to light during the investigation of and bore a connection with the reported sexual assault of K.W.T. (Doc. Nos. 2-2 and 2-14). It was the sexual assault of F.R.L for which Everett was ultimately charged, tried, and convicted.

Everett's assertion that the court erred when construing the pleadings and that he is only challenging the validity of his arrest in connection with Investigation No. 06-9417 is specious. Although he is now endeavoring to recast his claim as one for false arrest, he is clearly taking issue with the alleged misconduct of police officers and prosecutors at trial, on appeal, and during post-

4

conviction. proceedings.[2]

Everett's effort to now parse the two incidents of sexual assault and challenge his the validity of his arrest as to one of them is unavailing. First, his claim of false arrest is inextricably intertwined with his allegations of police and prosecutor misconduct and his belief in a broader conspiracy that resulted in his prosecution. Second, his pleadings are devoid of any suggestion that his arrest in connection with Investigation No. 06-9417 occurred separate and apart from this arrest in connection with Investigation No. 06-9442). Third, regardless of whether he was arrested once or twice, his pleadings are devoid of any assertion that he was arrested without a warrant. See Washington v. Tilton, No. 2:10-997, 2010 WL 2084106, at *2 (D.S.C. May 7, 2010) ("[T]o state a claim for false arrest, a plaintiff must claim an arrest was made without an arrest warrant."); see also Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir.1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained.").

In any event, the supplemental materials filed by Everett belie the notion that he was arrested more than once. Rather, these materials evince that he was: (1) questioned by detectives on May 30, 2006, about the sexual assaults of K.T.W. and F.R.L; and (2) arrested the following day (on May 31, 2006) in connection with the sexual assault of F.R.L. and charged with gross sexual imposition.

One could arguably surmise that Everett is equating the May 30, 2006, interview to an arrest. Four things are worth noting, however. First, according to the police reports and transcript excerpts filed by Everett, he submitted to the interview voluntarily. (Doc. No. 2-14). Second, the interview encompassed both investigations. (Id.). Third, Everett was advised at the outset of the

---

[2] Everett's insistence that he only intended to assert a claim for false arrest with respect to Investigation No. 06-9417 begs the question why named the State's Attorney and his assistants as defendants.

5

interview that he was not under arrest. (Doc. No. 11-1) (Transcript of Jury Trial, Vol. II, pp. 327)). Four, there is nothing in either the Complaint or in the supplemental materials filed by Everett to suggest that he was held by law enforcement after the interview. [3]

It is well established that probable cause to believe that a person has committed <u>any</u> crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause. See <u>Holmes v. Village of Hoffman Estate</u>, 511 F.3d 673, 682 (7th Cir. 2007) ("An arrested individual is no more seized when he is arrested on three grounds rather than one; and so long as there is a reasonable basis for the arrest, the seizure is justified on that basis even if any other ground cited for the arrest was flawed."); <u>see</u> <u>also</u> <u>Abbott v. Sangamon Cty.</u>, Ill, 705 F.3d 706, 70 (7th Cir. 2013) ("[A]n arrest can be supported by probable cause that the arrestee committed any crime, regardless of the officer's belief as to which crime was at issue."). If. was Everett was arrested on multiple grounds, the fact that he was not charged with multiple offenses does not now constitute the basis for false arrest claim.

## III. <u>CONCLUSION</u>

Everett has not stated a facially viable claim for false arrest and his pleadings are otherwise devoid of any cognizable claims for the reason articulated by the court's in its order of dismissal. Everett's motion for reconsideration (Doc. No. 23) is therefore **DENIED**.

---

[3] The substance or lack thereof aside, Everett's claim for false arrest may be timed-barred. "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose." <u>Wallace v. Kato</u>, 549 U.S. 384, 388 (2007). "This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." <u>Id.</u> Under North Dakota law, there is a two-year statute of limitations on a claim for false arrest See <u>O'Fallon v. Pollard</u>, 427 N.W.2d 809, 811 (N.D. 1988). <u>see</u> <u>also</u> N.D.C.C. § 28-01-18(1). Everett initiated the above-entitled action in July 2017, or more than ten years after a cause of action for false arrest had accrued.

**IT IS SO ORDERED.**

Dated this 30th day of April, 2018.

                                             */s/ Charles S. Miller, Jr.*
                                             Charles S. Miller, Jr., Magistrate Judge
                                             United States District Court